IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**DANIEL FAIN FOWLER,**

    Plaintiff,

vs.                                                                 Case No.: _____
                                                                 JURY DEMANDED

**WOODRIDGE OF WEST TENNESEE, LLC**
**d/b/a PERIMETER BEHAVIORAL OF JACKSON,**

    Defendant.

**COMPLAINT FOR RETALIATION**

COMES NOW the Plaintiff, DANIEL FAIN FOWLER, (hereafter, the "Plaintiff" or "Fowler"), for his Complaint against the Defendant, WOODRIDGE OF WEST TENNESSEE, LLC d/b/a PERIMETER BEHAVIORAL OF JACKSON (hereafter, the "Defendant" or "Perimeter") for retaliation under the False Claims Act, the Tennessee Medicaid False Claims Act, and the Tennessee Public Protection Act and states unto this Honorable Court as follows:

**I.     PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff DANIEL FAIN FOWLER is an adult citizen and resident of Crockett County, Tennessee.

2. Defendant WOODRIDGE OF WEST TENNESSEE, LLC d/b/a PERIMETER BEHAVIORAL OF JACKSON is a Delaware limited liability company that operates a behavioral health hospital at 49 Old Hickory Blvd, Jackson, Madison County, Tennessee 38305. Its principal office and mailing address is: Rochelle Gerber, 2520 Northwinds Pkwy Ste 550,

Alpharetta, GA 30009-226   Its agent for service of process is: James Laughlin, 49 Old Hickory Blvd, Jackson, TN 38305.

3. This is a retaliation case. This case arises under the False Claims Act ("FCA"), 31 U.S.C. § 3730(h) for retaliation, for retaliation under the Tennessee Medicaid False Claims Act, ("TMFCA"), Tennessee Code Annotated §71-5-183(g), for retaliation; and under the Tennessee Public Protection Act, ("TPPA"), Tennessee Code Annotated §50-1-304, for retaliation after his whistleblowing activity.

4. This Court has subject matter jurisdiction over the FCA claims pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over the TMFCA and TPPA claims pursuant to 28 U.S.C. §1367.

5. Defendant is an employer of more than fifteen persons, operating in Madison County, Tennessee who, acting under color of law, deprived Plaintiff of his rights as set forth herein below.

## II.   FACTS

6. Plaintiff was a therapist counselor at Perimeter Behavioral Hospital of Jackson from October 25, 2021, until April 18, 2022.

7. At all material times, Defendant acted, directly or indirectly, in interest as an employer with respect to Plaintiff.

8. When Plaintiff was hired, he noticed that the Defendant engaged in numerous violations of the Health and Insurance Portability and Accountability Act ("HIPAA"), 45 CFR Part 160 and Subparts A and E of Part 164, which establishes national standards to protect individuals' medical records and other identifiable health information.

9. These HIPPA violations included using Zoom for mental health sessions, which was not at that time approved by the American Psychological Association for counseling due to concerns of breach of confidentiality and using an out-of-date version of Windows on the computers, which had not been HIPAA compliant since 2020.

10. Plaintiff initially informed the Clinical Supervisor, Starlet Armstrong, who was Plaintiff's direct supervisor.

11. When Ms. Armstrong refused to listen to Plaintiff's concerns, Plaintiff had a meeting with his supervisor and Erika who was the Supervisor of Crisis Management.

12. Since nothing changed after the meeting and the HIPAA violations continued, Plaintiff reported the violations to the corporate Risk Department in Atlanta.

13. In January 2022, Plaintiff had a meeting with the interim Chief Executive Officer to discuss the HIPAA violations and other ethical and legal issues with the facility.

14. Plaintiff reported to Defendant that there were numerous violations of ethics and law by the facility including:

   a. Children not getting medical services that were showing as performed
   b. Not having the required number of employees and fraudulently stating that the numbers were correct – including not following doctor's orders for one-to-one patient care
   c. Not following doctors' orders
   d. Operating the school understaffed with old schoolbooks and not actually teaching the children
   e. Children are kept in seclusion and denied phone calls and snacks as punishment
   f. Mediations are out of date and the pyxia machine has no backup and not all mediation is available
   g. Improper discharge of adults and children with intellectual and developmental disabilities
   h. Incident reports not being completed, and adverse occurrence reports were not turned into the state
   i. Techs and nursing sleeping on the night shift
   j. Door locks and elevators that did not work
   k. Patients who left the facility without authorization

15. Following this meeting, Plaintiff began to be retaliated against by his supervisors who spoke to Plaintiff in a derogatory manner, intentionally excluding him from lunch with the other employees, failing to properly train the Plaintiff, and eventually firing him.

16. Plaintiff continued to request that Defendant follow the law and ethical standards required, and was told by his supervisor, "you will do it my way, or I will have you fired."

17. When Plaintiff's concerns continued to be ignored, Plaintiff told Ms. Armstrong that he would contact the State of Tennessee and report the violations.

18. Plaintiff did contact the State of Tennessee and reported the ongoing issues with the Defendant's facility and its management and spoke with Special Investigator, Nathan Williams.

19. In early 2022 while plaintiff was in still in contact with the Special Investigator, Plaintiff became aware that a minor patient of his had developed inappropriate feelings for the Plaintiff.

20. Plaintiff reported the patient's inappropriate feelings and requested that he be removed from treating the patient. Roughly a month later, Plaintiff was removed as the minor's treating therapist, and at that time, the minor made allegations of inappropriate conduct against Plaintiff.

21. Seeing an opportunity to retaliate against the Plaintiff for his reports and to create pretext for terminating Plaintiff, Ms. Armstrong determined to conduct a forensic investigation outside of the established policy and procedure in order to control the outcome of the investigation. Despite Defendant's best efforts, the investigation quickly showed that the allegations against Plaintiff were meritless and were made by the minor in response for Plaintiff's removal as the minor's therapist.

22. Despite Defendant's knowledge that the allegations were objectively false, Defendant referred the issue to the Department of Children Services and placed Plaintiff on administrative

leave pending DCS's determination. DCS was unable to verify any of the minor's allegations, ended its investigation, and cleared Plaintiff of any wrongdoing.

23. Per Defendants practice and procedure, Plaintiff was to return to work the following Monday. Armstrong, undaunted, decided to make a referral with the Texas Department of Child Services in order to continue the Defendant's retaliation against the Plaintiff.

24. On information and belief, Plaintiff was subjected to repeated investigations as retaliation for his reports to the State of Tennessee and as an attempt to create pretext for terminating Plaintiff.

25. Mr. Armstrong repeated attempts to have Plaintiff investigated, despite personally having determined that the allegations were meritless, in violation of Defendant's policies and procedures.

26. On information and belief, Plaintiff's co-workers, who had not reported illegal conduct to the State, were not placed on administrative leave while investigations were conducted nor were any of the Plaintiff's coworkers subjected to multiple investigations after Defendant knew that the allegations were meritless.

27. Ms. Armstrong, while Plaintiff was on administrative leave, also deleted 7,000 files and assessments from Plaintiff's work computer in an effort to cover up the wrongdoings of the facility and Plaintiff's complaints.

28. After four weeks, the Defendant terminated him because they said due to the investigation, they needed to fill his position.

29. He was eventually cleared of all wrongdoing, but Defendant refused to let him return to work.

30. In reality, Plaintiff was terminated in retaliation for reporting Defendant's illegal activities to the State of Tennessee, including, but not limited to, HIPAA violations, Medicare fraud, Medicaid fraud, and safety and health concerns that put the lives of Defendant's patients in jeopardy. In addition, Plaintiff was terminated solely for refusing to participate in Defendant's illegal activities.

### III.  LEGAL CAUSES OF ACTION

### VIOLATION OF THE ANTI-RETALIATION PROVISION OF THE FALSE CLAIMS ACT ("FCA"), 31 U.S.C. §3730(h)

31. Plaintiff repeats and incorporates the allegations set forth in the preceding paragraphs as if fully set forth herein.

32. Plaintiff sues Defendant for violation of the Anti-Retaliation provision of the FCA found at 31 U.S.C. §3730(h).

33. Plaintiff is entitled to relief, as Defendant harassed, and then discharged him and discriminated against him in the terms and conditions of his employment because of his lawful acts in furtherance of his efforts to stop violations of the FCA.

34. Defendant's conduct harmed and caused damage to Plaintiff, including loss of wages, emotional damages, loss of professional reputation, and other damages allowed under the statutory provision.

35. Plaintiff's relief, in accordance with the FCA is reinstatement, two times his back pay, interest on the back pay, and compensation for all special damages incurred as a result of the discrimination, including litigation costs and reasonable attorney's fees.

## VIOLATON OF THE TENNESSEE MEDICAID FALSE CLAIMS ACT (TMFCA) FOR RETALIATION
### Tennessee Code Annotated §71-5-183(g)

36. Plaintiff repeats and incorporates the allegations set forth in the preceding paragraphs as if fully set forth herein.

37. Plaintiff sues Defendant for violation of the Anti-Retaliation provision of the TMFCA at 71-5-183(g).

38. Plaintiff is entitled to relief, as Defendant harassed and then discharged him and discriminated against him in the terms and conditions of his employment because of his lawful acts in furtherance of her efforts to stop violations of the TMFCA.

39. Plaintiff's relief, in accordance with the TMFCA is reinstatement, two times his back pay, interest on the back pay, and compensation for all special damages incurred as a result of the discrimination, including litigation costs and reasonable attorney's fees.

## VIOLATION OF THE TENNESSEE PUBLIC PROTECTION ACT
### Tennessee Code Annotated §50-1-304

40. Plaintiff repeats and incorporates the allegations set forth in the preceding paragraphs as if fully set forth herein.

41. Plaintiff sues Defendant for violation of the Tennessee Public Protection Act, pursuant to §50-1-304 of the Tennessee Code Annotated, for Defendant's termination of Plaintiff "solely for refusing to participate in, or for refusing to remain silent about illegal activities." Tenn. Code Ann. §50-1-304(b).

42. Plaintiff was an "employee" as defined under the TPPA. Tenn. Code Ann. §50-1-304(a)(1).

43. Defendant was an "employer" as defined under the TPPA. Tenn. Code Ann. §50-1-304(a)(2).

44. Defendant's conduct and actions described in this lawsuit constitute "illegal activities" as defined under the TPPA in that Defendant's activities were in violation of the civil code of Tennessee and/or the United States as well as multiple regulations intended to protect the public health, safety, or welfare. See FCA and TMFCA.

45. In addition to the violations of law stated above, Defendant also specifically violated other laws and regulations. The following are examples of laws which were the basis of Plaintiff's reports: Tennessee Code Annotated §33-4-401 et seq.; §37-1-401 et seq.; §39-15-401; §39-15-501 et seq. and §63-6-214; Tenn. R. & Regs. §940-03-01 et seq.; §1000-01 et seq.; §1200-08-01 et seq; and 5 CFR Part 160 and Subparts A and E of Part 164.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF REQUESTS:

(a) Issue proper process requiring the Defendant to appear and answer this complaint within the time required by law;

(b) Enter a judgment under the FCA and the TMFCA for all allowable damages in an amount to be determined at trial;

(c) Enter a judgment under the Tennessee Public Protection Act in favor of the Plaintiff against the Defendant for all allowable damages in an amount to be determined at trial.

(d) Enter a judgment against Defendant for punitive damages in an amount to be determined at trial;

(e) Award to Plaintiff reasonable attorneys' fee and costs pursuant to all applicable statutes;

(c) Enter a judgment in favor of the Plaintiff against the Defendant for prejudgment and post-judgment interest as provided by law;

(g) Empanel a jury to try this case; and

(h) Award Plaintiff such further and other general relief to which she may be entitled.

Respectfully submitted,

**SPRAGINS, BARNETT & COBB, PLC**

s/Sara E. Barnett_____
Sara E. Barnett, BPR#021379
Charles H. Barnett, IV, BPR#037107
Attorneys for Plaintiff
P.O. Box 2004, 312 E. Lafayette Street
Jackson, TN 38301-2004
Telephone:  (731) 424-0461
Facsimile:   (731) 424-0562
cbarnett@spraginslaw.com
saraebarnett@spraginslaw.com
chb4@spraginslaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was forwarded by electronic means via the Court's electronic filing system this 17th day of January, 2023

s/Sara E. Barnett_____

## COST BOND

We Stand as sureties for costs in this case not to exceed $1,000.00

s/Sara E. Barnett_____