```
 1            UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF TENNESSEE
 2                   EASTERN DIVISION
     _____
 3
     DANIEL FAIN FOWLER,        )
 4                              )
              Plaintiff,        )
 5   VS.                        ) Civ.Ac.No.:
                                ) 1:23-cv-01005-STA-jay
 6   WOODRIDGE OF WEST          )
     TENNESSEE, LLC d/b/a       )
 7   PERIMETER BEHAVIORAL OF    )
     JACKSON,                   )
 8                              )
              Defendant.        )
 9
     _____
10
11            RULE 30(B)(6) DEPOSITION
12                       OF
13               MACKENZIE ROWAN
14
                   MARCH 5, 2024
15
16
17
18
19
20
21
22
            ALPHA REPORTING CORPORATION/VERITEXT
23                  236 Adams Avenue
                   Memphis, TN 38103
24                   901-523-8974


                                              Page 1
```

1              The Rule 30(b)(6) deposition of
2     MACKENZIE ROWAN, was taken on this, the 5th day
3     of March, 2024, on behalf of the Plaintiff,
4     beginning at 1:00 p.m., pursuant to notice and
5     agreement, at Spragins, Barnett and Cobb, 312
6     East Lafayette, Jackson, Tennessee.
7              This deposition is taken pursuant to
8     the terms and procedures of the Federal Rules of
9     Civil Procedure.
10             All forms and formalities, excluding
11    the signature of the witness, are waived, and
12    objections alone as to matters of competency,
13    irrelevancy, and immateriality of the testimony
14    are reserved, to be presented and disposed of at
15    or before the hearing.
16
17
18
19
20
21
22
23
24

```
 1                    A P P E A R A N C E S
 2
 3
     FOR THE PLAINTIFF:         CHARLES H. BARNETT IV,
 4                               ESQ.
                                CHARLES H. BARNETT III,
 5                               ESQ.
                                312 East Lafayette
 6                              Jackson, TN   38101
 7
 8
 9
     FOR THE DEFENDANT:         JAY A. EBELHAR, ESQ.
10                              Jackson Lewis PC
                                611 Commerce Street
11                              City Space Suite 2803
                                Nashville, TN   37203
12
13
14
     ALSO PRESENT:              DANIEL F. FOWLER
15
16
17
     COURT REPORTER:
18
                                SANDRA J. VAUGHN, LCR
19                              Alpha Reporting Corp./Veritext
                                 236 Adams Avenue
20                              Memphis, Tennessee 38103
                                (901) 523-8974
21
22
23
24
```

Page 3

```
 1                    I N D E X
 2                                                    Page
 3    Witness:
 4         Mackenzie Rowan
 5    Examination by Mr. Barnett                         5
 6    Examination by Mr. Ebelhar                        79
 7    Further Examination by Mr. Barnett                85
 8
 9
10          EXHIBITS
11          Exhibit 1    Files (late filed)            11
12          Exhibit 2    Deposition Notice             16
13
14
15
16
17
18
19
20
21
22
23
24
```

 1    because he is not the CEO as of us taking this
 2    deposition?
 3         A.   Yes.
 4         Q.   All right.  Greg Sizemore made the
 5    decision to terminate?
 6         A.   Yes.
 7         Q.   How did you come to that conclusion?
 8         A.   When Greg was there, he was the one that
 9    asked me to prepare the separation letter.
10         Q.   Okay.  Take me through the process of --
11    what was the process by which Greg used to
12    determine whether or not to fire Daniel Fowler?
13         A.   Okay.  Where do you want me to start?
14         Q.   The beginning.
15         A.   Okay.  So prior to Greg there was an
16    interim CEO, Robert Marsh.  When Robert was
17    there -- so it's the CEO's discretion to suspend,
18    terminate, employees that have been accused of an
19    allegation.
20              So when Greg arrived as the CEO, Daniel
21    was currently on leave of absence, administrative
22    leave.  And then when Greg reviewed --
23         Q.   Who decided to put Daniel on
24    administrative leave?

```
 1            A.    Robert Marsh.
 2            Q.    Okay.  And when Greg arrived?
 3            A.    I mean there was a need to fill the
 4      opening for a therapist, and from what I recall,
 5      he had reviewed the file, so.
 6            Q.    He reviewed the file?
 7            A.    And came to that decision.
 8            Q.    How do you know he reviewed the file?
 9            A.    He asked about the supporting documents
10      related to the incident.
11            Q.    Supporting documents related to the
12      incident or -- what was the basis of Daniel's
13      termination?
14            A.    The basis was -- the main basis was a
15      need to fill the role.
16                  And then upon looking at the additional
17      documents, it was up to the discretion of the CEO
18      to either terminate employment with employees
19      that are on leave of absence.
20            Q.    Did Greg consult anything else other
21      than the -- Daniel's personnel file to make that
22      determination?
23            A.    Not to my knowledge.
24            Q.    Do you know what documents -- what
```

Page 23

```
 1          A.   The report would have been to -- it
 2   would have been to the state agency.  To my
 3   knowledge, that would have been DCS.
 4          Q.   Would it have been necessary to report
 5   this multiple times?
 6          A.   Multiple times?
 7          Q.   The same incident reported three times?
 8          A.   To who?
 9          Q.   To CPS.
10          A.   Every instance is different in this
11   regard.  So if we have a resident that is an
12   out-of-state resident, based on the contract that
13   the company holds with that state agency, there
14   are different terms for reporting.
15               In this incident specifically it is
16   included in our contract with Texas DFPS, I
17   believe, that we report it to our local state
18   agency, and they also have to be notified and
19   reported of incidents.
20          Q.   Okay.  Do you know when the first report
21   was made?
22          A.   For this specific incident, I do not.
23          Q.   Let me rephrase that.  Does Perimeter
24   know when the first report was made?
```

Page 53

```
 1                    C E R T I F I C A T E
 2
     STATE OF TENNESSEE
 3
     COUNTY OF SHELBY
 4
 5           I, Sandra J. Vaughn, LCR #512, Licensed
     Court Reporter and Notary Public, in and for the
 6   State of Tennessee, do hereby certify that the
     above proceeding was reported by me, and the
 7   transcript is a true and accurate record to the
     best of my knowledge, skills, and ability.
 8
             I further certify that I am not related
 9   to nor an employee of counsel or any of the
     parties to the action, nor am I in any way
10   financially interested in the outcome of this
     case.
11
             I further certify that I am duly licensed
12   by the Tennessee Board of Court Reporting as a
     Licensed Court Reporter as evidenced by the LCR
13   number and expiration date following my name
     below.
14
             I further certify that this transcript is
15   the work product of this court reporting agency
     and any unauthorized reproduction and/or transfer
16   of it will be in violation of Tennessee Code
     Annotated 39-14.
17
18                    SANDRA J. VAUGHN, LCR #512
19                    Expiration Date 06-30-2024
                      ALPHA REPORTING CORPORATION
20                    A Veritext Company
                      236 Adams Avenue
21                    Memphis, Tennessee 38103
22   My commission expires:
            April 6, 2025
23
24
```

```
 1     Jay Ebelhar
 2     jay.ebelhar@jacksonlewis.com
 3                         March 18, 2024
 4     RE:Fowler, Daniel Fain v. WOODRIDGE OF WEST TENNESEE, Et Al
 5          3/5/2024, McKenzie Rowan (#6498094)
 6          The above-referenced transcript is available for
 7     review.
 8          Within the applicable timeframe, the witness should
 9     read the testimony to verify its accuracy.  If there are
10     any changes, the witness should note those with the
11     reason, on the attached Errata Sheet.
12          The witness should sign the Acknowledgment of
13     Deponent and Errata and return to the deposing attorney.
14     Copies should be sent to all counsel, and to Veritext at
15     errata-tx@veritext.com.
16      Return completed errata within 30 days from
17    receipt of testimony.
18       If the witness fails to do so within the time
19    allotted, the transcript may be used as if signed.
20
21
22                 Yours,
23                 Veritext Legal Solutions
24
25
```

Page 89

```
 1   Fowler, Daniel Fain v. WOODRIDGE OF WEST TENNESEE, Et Al
 2   McKenzie Rowan (#6498094)
 3                     E R R A T A   S H E E T
 4   PAGE_____ LINE_____ CHANGE_____
 5   _____
 6   REASON_____
 7   PAGE_____ LINE_____ CHANGE_____
 8   _____
 9   REASON_____
10   PAGE_____ LINE_____ CHANGE_____
11   _____
12   REASON_____
13   PAGE_____ LINE_____ CHANGE_____
14   _____
15   REASON_____
16   PAGE_____ LINE_____ CHANGE_____
17   _____
18   REASON_____
19   PAGE_____ LINE_____ CHANGE_____
20   _____
21   REASON_____
22
23   _____    _____
24   McKenzie Rowan                              Date
25
```

Page 90

```
 1    Fowler, Daniel Fain v. WOODRIDGE OF WEST TENNESEE, Et Al
 2    McKenzie Rowan (#6498094)
 3                   ACKNOWLEDGEMENT OF DEPONENT
 4        I, McKenzie Rowan, do hereby declare that I
 5    have read the foregoing transcript, I have made any
 6    corrections, additions, or changes I deemed necessary as
 7    noted above to be appended hereto, and that the same is
 8    a true, correct and complete transcript of the testimony
 9    given by me.
10
11    _____    _____
12    McKenzie Rowan                            Date
13    *If notary is required
14                     SUBSCRIBED AND SWORN TO BEFORE ME THIS
15                     _____ DAY OF _____, 20___.
16
17
18                     _____
19                     NOTARY PUBLIC
20
21
22
23
24
25
```

Page 91

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER:  THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019.  PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS

COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted

fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.